Note.—See under (1) 29 Cyc. p. 625. (2) 30 Cyc. pp. 1570, 1578: anno. 37 L. R. A. 831; 21 R. C. L. p. 391; 3 R. C. L. Supp. p. 1153; 4 R. C. L. Supp. p. 1413.

---

## WOODS v. SAND SPRINGS RAILWAY CO.

No. 16454—Opinion Filed June 8, 1926.

Rehearing Denied Feb. 8, 1927.

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

A judgment based upon the verdict of a

Jury reached, in the trial of a law action, will not be reversed on appeal if there is any competent evidence which reasonably tends to support the verdict.

### 2. Appeal and Error—Harmless Error—Exclusion of Evidence.

If the court improperly sustains an objection to competent testimony, the error will be rendered harmless by admission of the testimony in substance in the later stages of the trial.

### 3. Judgment Sustained.

Record examined; held, to be sufficient to support judgment for the defendant.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by A. M. Woods against Sand Springs Railway Company for personal injuries. Judgment for defendant, and plaintiff brings error. Affirmed.

Phil W. Davis, Jr., T. L. Brown, and J. Colonna, for plaintiff in error.

Stuart, Sharp, Cruce & Coakley, E. J. Doerner, Paul P. Pinkerton, and M. W. Eddleman, for defendant in error.

Opinion by WILLIAMS, C. The plaintiff in error commenced this action against the defendant in error to recover damages for personal injuries. A trial to a jury resulted in a verdict in favor of the defendant in error. Plaintiff in error prosecutes this appeal. The parties will hereinafter be referred to as they appeared in the trial court.

The defendant was the owner of a line of railway operated between Tulsa, Okla., and Sand Springs, Okla. The plaintiff was injured on the morning of October 5, 1917, in the city of Tulsa while walking on defendant's railway track, between the rails, by reason of one of defendant's interurban cars striking him from the rear.

There is no contention on the part of the plaintiff to the effect that the evidence introduced upon the trial of the case is insufficient to support the verdict. It therefore becomes unnecessary to deal with any part of the evidence, except in so far as necessary in consideration of the assignments of error contained in plaintiff's brief. Numerous assignments of error are urged in plaintiff's brief. They will be considered in the order in which they are presented.

(1) "The court erred upon the trial in refusing to admit and in ruling out competent, relevant, and material and legal evidence offered on the part of the plaintiff."

The testimony excluded was the testimony of the motorman in charge of the train. The following question was asked the witness on direct examination:

"Q. Now, when you first saw him stepping over in between the rails there, tell the jury what, if anything, you did. A. Well, as quick as I seen him, why I began to blow—signal with the whistle, which is one short right after another, but he never did turn his head, though I throwed on my emergency brake and reverse, and I was on him."

Upon cross-examination he was asked the following question:

"Q. Did you, in your former examination, testify anywhere, that prior to the time that you gave the emergency—put on the emergency now. that you gave this man any warning at all? Mr. Pinkerton: Objected to as not proper cross-examination, incompetent, and immaterial. The Court: Objection sustained. Mr. Breckenridge: Exception. We offer to prove by this witness, if permitted to testify, that he would state that he would (did) not on the former hearing. testify that he gave him the warning that he speaks of in his direct examination that he gave in his trial. Mr. Doerner: To which offer we object. your honor. The Court: Sustained. Mr. Moss: Exception."

The record discloses that at the time the witness was asked the question, counsel for plaintiff was in possession of a transcript of the testimony of the witness on the former trial, and the witness should have been asked from the transcript whether certain questions were asked and certain answers given. No complaint can be made about the refusal of the court to permit the cross-examination of the witness along the lines indicated, because counsel for plaintiff were later permitted in the presence of the jury, upon proper questions being asked, to interrogate the witness fully as to what his previous testimony was. and was permitted to read the various questions and answers to the jury, so that the jury could then say whether or not the testimony had been altered or changed in any manner.

In the case of Ardizonne v. Archer, 71 Okla. 289, 177 Pac. 554. the second paragraph of the syllabus reads as follows:

"The refusal of the court to permit a witness to answer a competent question is not reversible error if subsequently the witness has been permitted to answer the same or substantially the same question."

(2) "The court erred upon the trial in admitting incompetent, irrelevant and immaterial evidence on the part of the defendant in error."

This assignment of error urges that the

court committed error with respect to certain evidence of the witness Butler. We have examined the testimony admitted by the court, and find no error in the admission of the same.

(3) "The court erred in his ruling permitting Paul Pinkerton, one of the attorneys for the defendant, to testify to his previous interviews and conversations with the witness for the defendant, F. W. Butler, and as to how he located such witness and procured his testimony for the defendant."

We have examined the testimony of the witness Pinkerton, and find no error in the admission of the same. In proposition No. 3 counsel indicates that the witness Pinkerton was permitted by the court to detail a conversation between himself and the witness Butler. Such is not the fact. Nowhere in the record is it disclosed that Pinkerton was permitted to relate any conversation that took place between himself and the witness Butler. The only thing that he was permitted to state was the efforts he made to locate the witness Butler.

(4) "The court erred in permitting the witness A. L. Keller, called for the defendant to testify on re-direct examination, that the plaintiff had time to get off the track without being hit, this being a mere conclusion of the witness."

Upon cross-examination counsel for plaintiff asked the witness the following question:

"Q. This car had got so close to this man here, that he couldn't get out of the way, isn't that right?"

In view of the fact that the evidence complained of was elicited by the plaintiff on cross-examination, he cannot be heard to complain that the court permitted the same question to be asked and answered in re-direct examination.

(5) "The court erred in refusing to strike out all the testimony of the witness Thomas Jefferson Bledsoe, called for the defendant, that cars of the defendant, Sand Springs Railway Company, were generally and systematically inspected."

This witness was the man in charge of the supervising of the inspection of cars. He explained to the jury the manner in which the cars were inspected, and at what time, and while he could not say that he personally inspected the car in question, he could and did state that every car that came in was inspected, particularly as to its brakes, before it was permitted to take up the day's run. Under these circumstances, we find no error in the refusal of the court to strike the testimony of the witness.

(6) "The court erred in permitting the witness Peter Mulvaney, called for the defendant, to answer the leading and suggestive question as to what was the condition of the Sand Springs Railroad 'with reference to the paths along the side of the track.' "

The question complained of is:

"Q. Now state to the court and jury, in 1916 and 1917, when you had occasion to walk from First to Third street, up the roadbed of the Sand Springs Railroad, what the condition of it was with reference to paths along the side of the track. A. There was a good, well beaten pathway, all the way from First street to Third street."

The question complained of is not leading or suggestive, but merely calls for a condition that obtained at the place where the accident occurred, and at the time of its occurrence.

(7) "The court erred in permitting the witness C. E. Simms, called by the defendant, to testify as to signals given by passing cars of the Sand Springs Railway Company, to each other at a point removed from the scene of the accident, and as to the custom of such cars to signal."

This testimony was competent and proper, for the reason that it was shown that the accident happened between First and Second streets, and that the car coming in from Sand Springs to Tulsa passed a car going from Tulsa to Sand Springs, which was the car in question, at First street. The plaintiff testified that he did not hear the interurban car coming at all, and did not hear any sounds or signals of any interurban car prior to the accident. He also testified on cross-examination that he did not notice any interurban car coming into Tulsa on the track below.

(8) "The court erred in permitting the vice president of the Sand Springs Railway Company, and its witness, T. H. Stefens, to testify as to the condition of right of way of the defendant at the point of the injury after he had testified that he did not know the exact spot, except as told to him, and by making an investigation, and to testify that there was sufficient room for a man to stand off the track and be cleared by passing cars. On direct examination, this witness was permitted to testify that the condition of the roadbed at the place of the injury was 12 or 15 feet wide, and that there was sufficient room for a man to stand off of the track and be cleared by a passing car at that point."

Counsel do not set out in their brief the questions and answers complained of, as required by the rules of this court, and this assignment of error will not be considered.

(9) "The court erred in permitting H.

D. Morrison, called for the defendant, to be asked and to answer the following question: Q. About how far from the end of the ties was this path along from the corner of Second street, up to 150 feet towards Third street? Mr. Breckenridge: I object to that question as leading and suggestive, and assuming that it was beyond the end of the ties. Mr. Bland: Why he is—your honor, he has testified there was a path there. The Court: He can answer the question; overruled.' "

The question was in no wise leading or suggestive, there being little, if any, dispute as to where the accident happened, and the witness by the question was simply called upon to describe a condition of the ground at a point where the undisputed testimony shows the accident occurred.

We have carefully examined the instructions given by the court and complained of by counsel for plaintiff, and find that they embody the law as applied to the facts in the instant case..

Finding no error either in the admission of testimony, or instructions of the court, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853 §2834. 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. 79. (2) 4 C. J. p. 1010 §2994; ann. L. R. A. 1918B. 390; 2 R. C. L. p. 233. (3) 4 C. J. p. 1130 §3122.